UNITED STATES

v.

John J. COSTELLO, Jr., 262 95 7731/0331, Private (E-1), U.S. Marine Corps.

NMCM 85 0815.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 25 Sept. 1984.

Decided 24 April 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

LT P.J. Battin, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL, Judges.

GLADIS, Senior Judge:

Among other offenses, the accused was convicted pursuant to his guilty pleas at a special court-martial bench trial of three specifications alleging wrongful use of marijuana prior to 1 August 1984, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The accused contends that the findings of guilty of these offenses must be set aside because the specifications do not state and the providence inquiry did not establish offenses on the dates alleged. We disagree and affirm.

 The accused correctly points out that Article 112a did not take effect until 1 August 1984 and does not apply to offenses committed before that date. Military Justice Act of 1983, Pub.L. No. 98–209, §§ 8 and 12(a)(5), 97 Stat. 1393, 1403 and 1407 (codified as amended at 10 U.S.C. § 801 (1984)). Before 1 August 1984 wrongful use of marijuana was a violation of Article 134, UCMJ, 10 U.S.C. § 934, which proscribes all disorders and neglects to the prejudice of good order and discipline in the armed forces not specifically mentioned in the Code. *See* Paragraph 213*g*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM) change 7. Thus, although these specifications of which the accused was convicted were erroneously alleged as violations of Article 112a, UCMJ, they are sufficient to allege violations of Article 134, UCMJ. *See United States v. Mayo*, 12 M.J. 286, 293

(C.M.A.1982) (a specification charged under Article 134 does not have to allege that the accused's conduct was to the prejudice of good order and discipline). Error in the designation of the article of the code is not ground for reversal of a conviction if the error did not prejudicially mislead the accused. R.C.M. 307(d). *Also see* Paragraph 27, MCM, which stated that the designation of a wrong article is ordinarily not material, provided that the specification alleges an offense of which courts-martial have jurisdiction, and *United States v. Olsen*, 7 U.S.C.M.A. 460, 22 C.M.R. 250, 254 (1957). The accused in this case has not been prejudicially misled. We reject his contention that the specifications in question do not state offenses.

 This, however, does not end our inquiry. The accused also contends that the providence inquiry did not establish his guilt of these offenses. The thrust of his argument is that the military judge did not advise him that an essential element of the offenses was that his conduct was prejudicial to good order and discipline in the armed forces and did not obtain an admission from him that his actions constituted such conduct. If a specification alleges, within its four corners, all the elements of the offense in question; if the accused pleads guilty to that specification; and if the inquiry of the accused indicates not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea, then the plea is provident. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). *See United States v. Hatley*, 14 M.J. 890 (N.M.C.M.R. 1982). Therefore, failure of the judge to advise an accused that an essential element of the offense is that his conduct was to the prejudice of good order and discipline and obtain an admission from him that his actions constituted such conduct does not render a guilty plea improvident, if the facts elicited from the accused during the providence inquiry establish that his con-

---

1. The specifications alleged wrongful use of marijuana in May, June, and July 1984.

duct was, indeed, prejudicial to good order and discipline. The facts elicited by the judge in this case establish that the accused's conduct was prejudicial to good order and discipline. Hence, we find the pleas were provident.

The findings of guilty and sentence as approved on review below are affirmed. We have considered the accused's desire to remain in the U.S. Marine Corps.

Judge COUGHLIN and Judge CASSEL concur.