**916**

## UNITED STATES

v.

**Martin J. WOODS, 564 45 6923 Airman Recruit (E–1), U.S. Navy.**

**NMCM 87 2777.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 April 1987.

Decided 9 Feb. 1988.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT J.A. TOLIVER, JAGC, USNR, Appellate Defense Counsel.

LT ROBERT A. KEMINS, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, GLADIS and ALBERTSON, Judges.

PER CURIAM:

Upon mixed pleas appellant was found guilty of two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806, and one specification of wrongful use of marijuana in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced appellant to a bad-conduct discharge. The convening authority approved and erroneously ordered the bad-conduct discharge executed. Appellant assigns as error the improvidency of his plea of guilty to the wrongful use of marijuana because the military judge failed to establish an adequate factual basis for his plea. We disagree and affirm.

■ The military judge must determine the providency and voluntariness of a guilty plea based upon the accused's understanding of the facts in relation to the law. *United States v. Care,* 18 U.S.C.M.A. 325, 40 C.M.R. 247 (1969). The military judge makes such determinations based upon his personal questioning of the accused about what he did or did not do, and whether he understood or did not understand the criminal nature of his acts or omissions. The appellant is correct in stating that the military judge did not specifically obtain from the appellant any facts upon which to base the element of wrongfulness. Since appellant admitted that the elements explained by the military judge described what he did, and since the facts elicited from the appellant as to the specific circumstances surrounding his use reveal no justification, excuse or authority for such use, a proper inference could be made by the military judge, and is made by this Court, that the appellant's use was wrongful and that he understood that use to be wrongful. We so hold. *See United States v. Hatley,* 14 M.J. 890 (NMCMR 1982); *United States v.*

*Costello*, 20 M.J. 659 (NMCMR 1985). *See also United States v. Penister*, 25 M.J. 148, 153 (CMA 1987) (Cox, J., concurring).[1]

Accordingly, the findings and sentence are affirmed. A corrected court-martial order must be promulgated, however, to correct the convening authority's error in prematurely ordering the execution of the bad-conduct discharge.

1. We are increasingly concerned with the brevity of providency inquiries by military judges. The establishment of a proper factual basis for the accused's plea is verging closely on crossing the border to failure.